**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard E. STEINBRECHER, Defendant-Appellant.**

**No. 17658.**

United States Court of Appeals,
Seventh Circuit.

May 25, 1970.

Rehearing Denied July 31, 1970.

Ronald P. Alwin, Martin S. Gerber, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael P. Siavelis, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before KILEY, CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant Richard E. Steinbrecher was indicted on two counts for aiding and abetting (18 U.S.C. § 2) codefendant John Laures in obtaining loans on real estate in violation of 18 U.S.C. § 1006. Laures' plea of *nolo contendere* was accepted prior to trial. Defendant Steinbrecher entered a plea of not guilty, waived his right to a jury trial and was found guilty on both counts. From this conviction, he appeals.

John Laures was president of the Crystal Lake Savings and Loan Association (Crystal) in 1962 and 1963. Steinbrecher was an attorney who represented Laures in various business transactions. On September 22, 1962, upon the recommendation of Laures, Crystal made a loan to Frank Howard, Jr. of $225,000 to purchase a piece of real estate located at 3345 N. Marshfield, Chicago, Illinois, from Howard Hurwith at a price of $125,000. Hurwith testified that he never met Howard but negotiated the sale with Laures. Crystal issued a check for $55,000 to the mortgagee and a check for the remainder, $160,000, was issued to Howard and the defendant Steinbrecher as escrowee. The check, endorsed by the defendant,[1] was deposited in the bank account of defendant's law firm and from this account various disbursements were made by Steinbrecher: $70,000 was paid to Hurwith and the balance of the money was used to pay personal loans of Laures. The defendant Steinbrecher also prepared Laures' 1962 income tax return which reported income on the Marshfield property.

Crystal made another loan to Frank Howard on July 12, 1963, for the purpose of purchasing a parcel of real estate located at 3334 W. Ainslie Street, Chicago, Illinois, on the recommendation of Laures. The purchase price of the property was $128,805 and the amount of the loan was $255,000. The negotiations with the owner of the property were made by the defendant Steinbrecher. The loan proceeds check was endorsed by the defendant and deposited in his firm's account. Again all disbursements from the loan were made by Steinbrecher with the excess funds being used to pay off the personal obligations of Laures. Steinbrecher pre-

---

1. There is a conflict in the evidence as to whether or not Howard endorsed the check.

**532**

pared Laures' 1963 income tax return which included reported rental income from both the Marshfield and Ainslie properties.

Howard testified that Laures was his neighbor and that Laures had asked him to hold certain properties in his name in order that Laures could get a better price. Laures did not testify at the trial.

Steinbrecher took the witness stand and said that he lacked knowledge of any unlawful acts. It was his impression that Howard purchased the real estate for himself. While the facts create some suspicion, he claims that he verified Howard's participation by calling a trust officer at the bank which was the trustee for the parcels of real estate. The reported conversation between Steinbrecher and the trust officer was stricken as hearsay and no attempt was made to have the trust officer testify.

 Defendant contends that this court should reverse because the evidence is consistent with a reasonable hypothesis of innocence. We disagree. Looking at the evidence in the light most favorable to the government, we conclude that the evidence is sufficient to prove the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Essentially, the issue that the defendant raised is that the district judge should have believed the defendant and not the government witnesses. However, the credibility of the witnesses is for the trial judge to determine and we think the evidence supports his verdict. Glasser v. United States, *supra*.

 The defendant Steinbrecher complains that the government failed to produce the statements of *co*-defendant Laures which were in its possession as requested under F.R.Crim.P. 16(b), and as a result Steinbrecher was unable to call Laures to testify. The government admitted that there were two reports which embodied Laures' oral statements, but the government has supplemented the record here with a stipulation signed by Steinbrecher's trial attorney reciting that the government had shown the attorney these statements. There is no evidence that the government has any other statements in its possession and, therefore, we find that the defendant has not been deprived of any evidence that might have been helpful.

No other errors have been raised and thus the conviction is affirmed.

Affirmed.